IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MUHAMMAD AL-AMEEN, #110046, ) <br> a.k.a., TERRY D. RIVERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CARLA H. WOODALL, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO.1:12-CV-188-TMH <br> [WO] |

**ORDER**

Upon review of the response filed by the plaintiff on July 6, 2012 (Doc. No. 19), and for good cause, it is

ORDERED that:

1. The plaintiff be GRANTED an extension from July 10, 2012 to and including July 30, 2012 to file (i) the envelope he received from defendant Woodall when she returned his Rule 32 petition to him, (ii) any correspondence he received from defendant Woodall regarding his attempt(s) to file a Rule 32 petition, (iii) the *original Rule 32 petition* mailed to the Circuit Court of Houston County, Alabama as the plaintiff indicates the document filed with this court is not the original filed with the state court, and (iv) *all* letters sent to the defendant and responses received from the defendant regarding his attempts to file a Rule 32 petition. *The plaintiff is advised if he is unable to procure copies of these documents he should submit the originals of these documents to the court and the court will make requisite copies for use in this case*.

2. If the plaintiff does not have these documents in his possession as previously stated

in his complaint, he shall on or before July 30, 2012 file a sworn statement or affidavit indicating the lack of these documents *and* explaining why he previously informed the court these documents were in his possession.

The documents referenced in this order are necessary to the plaintiff proceeding on the claims presented in this cause of action. ***The plaintiff is therefore cautioned if he fails to file a response to this order the Magistrate Judge will recommend that this case be dismissed***.[1]

3. The defendant be GRANTED an extension to and including August 15, 2012 to file her written report and answer.

Done this 6th day of July, 2012.

        /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that his claim of mental incompetency can be raised at any time and is not subject to procedural bars. *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir.), *cert. denied* 517 U.S. 1247, 116 S.Ct. 2505 (1996) (Although petitioner did not raise, on direct appeal or in his initial Rule 32 petition, "his substantive competency claim ... is not subject to procedural default [or time limitations] and must be considered on the merits."); *Glass v. State*, 912 So.2d 285, 288 (Ala.Cr.App. 2004) (substantive due process claim of mental incompetency not subject to procedural bars.). Thus, if he seeks to proceed on this claim, he should file his Rule 32 petition in the Circuit Court of Houston County, Alabama.