IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MUHAMMAD AL-AMEEN, #110046, ) | |
| a.k.a., TERRY D. RIVERS, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
|   v.   ) | CIVIL ACTION NO.1:12-CV-188-TMH |
|   ) | |
| CARLA H. WOODALL, ) | |
|   ) | |
|   Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 amended complaint filed by Muhammad Al-Ameen ["Al-Ameen"], a state inmate, in which he challenges actions of Carla H. Woodall ["Woodall"], the Circuit Clerk of Houston County, Alabama. Specifically, Al-Ameen asserts that Woodall failed to file Rule 32 petitions he submitted to the trial court in which he sought to attack convictions imposed upon him by the Circuit Court of Houston County in 2006.[1] Al-Ameen alleges that with respect to a petition submitted in April of 2009 Woodall informed him that "as of 4-23-09 her office had no

---

[1] From a search of Alabama cases, it appears that Al-Ameen did not appeal his 2006 convictions. If no appeal of the convictions occurred, Al-Ameen's 2006 convictions became final forty-two (42) days after imposition of sentence on November 3, 2006. Rule 4(a)(1), Ala.R.App.P. Under these circumstances, Al-Ameen had one year from that date within which to file a Rule 32 petition in the Circuit Court of Houston County with respect to all claims for relief *except* those related to his substantive mental competency. Rule 32.2(c), Ala.R.Cr.P.; *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir.), *cert. denied* 517 U.S. 1247, 116 S.Ct. 2505 (1996) ("[S]ubstantive competency claim ... is not subject to procedural default [or time limitations] and must be considered on the merits."); *Glass v. State*, 912 So.2d 285, 288 (Ala.Cr.App. 2004) (substantive due process claim of mental incompetency not subject to procedural bars).

knowledge of the Rule 32, and .... [advised him that any petition] must [contain the] correct case [number] and name in which conviction occurred, not the alias, the name on your birth certificate." *Complaint - Doc. No. 1* at 3. In response to Woodall's correspondence, Al-Ameen "wrote her office and informed her that in (1979) in the Houston Co. Probate Court [he obtained] a lawful name change .... from Terry D. Rivers to Muhammad Al-Ameen ..., and on 9/11/06 [was] tried and convicted as such, and on 11/3/06 [was] sentence as such...." *Id*. After a subsequent attempt to file a Rule 32, Al-Ameen alleges Woodall returned the petition to him on June 2, 2009 "stating, we do not have a case under this name, and the case number provided is not the same on file, correct & resubmit.... [S]he states the Rule 32 must be listed in the name on clerk's file." *Id*. Al-Ameen's next correspondence is sent to the clerk's office in September of 2011. On September 8, 2011, Woodall "informs [Al-Ameen] that no record found of [his] petition [being] 'filed' in [clerk's] office." *Id*.

With respect to the above described actions, Al-Ameen requests that his Rule 32 petition be "placed into the hands of the [trial] judge" and seeks monetary compensation for the costs of postage associated with his prior attempts to file a Rule 32 petition. *Complaint - Doc. No. 1* at 4.[2]

---

[2] Due to the conclusory nature of Al-Ameen's initial claims and his repeated references to documentary evidence in his possession and upon motions to compel filed by the defendant, the court entered orders requiring that Al-Ameen file copies of relevant documents he repeatedly stated were within his possession. *Order of April 30, 2012 - Doc. No. 14*; *Order of June 26, 2012 - Doc. No. 18*; *Order of July 6, 2012 - Doc. No. 20*; *Order of August 30, 2012 - Doc. No. 24*; *Order of February 25, 2013 - Doc. No. 30*. These orders also provided Al-Ameen the opportunity to

In his amendment, Al-Ameen asserts that he filed a Rule 32 petition with the Circuit Court of Houston County in November of 2012 "and til this date I have no! word as to the state of my Rule 32" despite two attempts to obtain information regarding the petition from the defendant. *Amendment to the Complaint - Doc. No. 32* at 3. Al-Ameen requests that this court order Woodall to inform him of the status of his pending Rule 32 petition. *Id*. at 4.

Upon review of the complaint, as amended, and in accordance with well settled federal law, the court concludes that this case is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[3]

## II.  DISCUSSION

### A.  The Request for Monetary Compensation

It is clear from a review of the complaint that any claims presented by Al-Ameen against Carla Woodall relate to actions this defendant undertook pursuant to authority granted her by either state law or the Circuit Court of Houston County, Alabama. The defendant is therefore absolutely immune from monetary damages when sued under 42

---

retract his prior statements if he no longer possessed the documents and informed Al-Ameen that the court would make copies of the documents for him free of cost if he did not have the financial means to procure the requisite copies. An exhaustive review of the file in this case establishes that Al-Ameen failed to properly file these documents.

[3] The court granted Al-Ameen leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

U.S.C. § 1983. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980); *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). In light of the foregoing, the court concludes that Al-Ameen's request for monetary compensation from Carla Woodall is subject to dismissal upon application of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### B. Relief Related to Rule 32 Petition

Al-Ameen requests that this court require the Circuit Court of Houston County to accept his Rule 32 petition as properly filed, *Complaint - Doc. No. 1* at 4, and seeks issuance of an order directing the defendant "to inform [him of] the state of [the Rule 32] petition" submitted to the trial court in November of 2012. *Amendment to the Complaint - Doc. No. 32* at 4.

To the extent Al-Ameen seeks relief which would require a specific course of action by the Circuit Court of Houston County or its clerk, the law is well settled that this court lacks jurisdiction to grant such relief. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court actions in cases arising out of state judicial proceedings even if those challenges allege that the court's action was unconstitutional or in violation of federal law. *See Datz v. Kilgore*, 51 F.3d 252 (1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This federal civil action cannot be used to compel a state court or its clerk to take a particular course of

4

action. *See Datz v. Kilgore, supra.*; *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Dismissal of the plaintiff's claims for relief related to his current Rule 32 petition and its status before the state court is therefore appropriate pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989) (claims "based on an indisputably meritless legal theory" are subject to dismissal as frivolous).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). It is further

ORDERED that **on or before April 30, 2013**, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest

injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 16th day of April, 2013.

                                 /s/Charles S. Coody
                                 CHARLES S. COODY
                                 UNITED STATES MAGISTRATE JUDGE